KIRK *v.* U. S. FIDELITY & GUAR. Co., et al.

May 26, 1952.

No. 38367 (58 So. (2d) 924)

**B. N. Knox, Jr.,** and **Hugh N. Clayton,** for appellants.

**Smith & Hurdle,** for appellees.

**Arrington, J.**

Roy Kirk and Preston Lambert filed separate suits in the Chancery Court of Marshall County, Mississippi,

444

by attachment against W. D. Greer, a resident citizen of Marshall County, L. P. Slayden, Sheriff of Marshall County, United States Fidelity and Guaranty Company, a non-resident corporation and surety on Slayton's bond, and E. W. Francisco, doing business as Edgar Francisco Insurance Service, as garnishee. These suits were for the recovery of damages for an alleged abuse of process. By agreement, the suits were consolidated and tried together. At the conclusion of the trial, the chancellor found adversely to the appellants, complainants below, and a decree was entered dismissing their suits with prejudice. From this decree, the appellants appeal.

The appellants' sole assignment of error is that the court erred in dismissing the original bills with prejudice. ▇▇ The evidence in this case was conflicting and was for the determination of the chancellor and we are not warranted in disturbing his finding unless we can say that he was manifestly wrong. This we are unable to do. In the case of Wilkie v. West Construction Co. of Tennessee, 196 Miss. 233, 243, 16 So. (2d) 154, 156, 617, which was a suit for damages in the chancery court for the death of one Howard Wilkie, the Court said: "If this case had been tried in the Circuit Court, would the appellants have been entitled to a directed verdict on the issue of liability? Clearly not. If not, the decree of the chancellor must stand. This court cannot substitute its judgment for that of the chancellor on issues of fact."

There was ample evidence to support the finding of the chancellor. Griffith's Miss. Chancery Practice, Second Edition, Section 674. The decree of the court below is accordingly affirmed.

Affirmed.

McGehee, C. J., and Lee, Kyle and Ethridge. JJ., concur.